T.C. Memo. 2008-270

UNITED STATES TAX COURT

ORALIA PAVIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 640-07.                    Filed December 4, 2008.

Oralia Pavia, pro se.

<u>Jeffrey D. Heiderscheit</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $5,527 deficiency
in petitioner's 2005 Federal income tax.  The issues for decision
are:  (1) Whether petitioner is entitled to dependency exemption
deductions for her nieces; (2) whether petitioner is entitled to
child tax credits for her nieces; (3) whether petitioner is

entitled to an earned income tax credit; and (4) whether petitioner is entitled to head of household filing status.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed her petition, petitioner resided in Texas.

During 2005 petitioner was single and lived with her sister and her sister's two children. In 2005 the children, ALG and YEG,[1] were 7 and 11 years old, respectively. Both ALG and YEG were born in Texas. Petitioner's sister was divorced from the children's father, and neither petitioner, petitioner's sister, ALG, nor YEG had had any contact with him since 2002. ALG and YEG did not receive any support from their father.

Petitioner worked as a school bus driver and school bus monitor. She earned approximately $1,100 per month. Petitioner's sister occasionally cleaned houses. This was her only source of income.

Expenses incurred in supporting the occupants of the household were paid by petitioner, petitioner's sister, and public aid. Petitioner paid the mortgage, home insurance, and half of the property taxes. Petitioner's sister paid the other

---

[1] It is the policy of this Court to not identify minors. We shall refer to petitioner's nieces by using their initials. Rule 27(a)(3).

half of the property taxes, the utility expenses, the cost of a land line telephone in the home, and approximately 30 percent of the costs of feeding the household. Petitioner, petitioner's sister, ALG, and YEG also received public aid to support the household. The food stamps they received in 2005 paid 70 percent of the costs of feeding the household. The Medicaid program paid for ALG and YEG to each receive two teeth cleanings in 2005. Both petitioner and petitioner's sister bought clothes for ALG and YEG. The costs of the mortgage and home insurance combined accounted for over half of the expenses incurred in supporting the household.

Petitioner's sister did not file a tax return in 2005. Petitioner filed a tax return in 2005 claiming dependency exemption deductions for ALG and YEG, claiming child tax credits for ALG and YEG, claiming an earned income credit, and claiming head of household status. Respondent issued a notice of deficiency which disallowed the dependency exemption deductions for ALG and YEG, the child tax credit, the earned income credit, and the head of household status.

- 4 -

## OPINION

Petitioner has neither claimed nor shown that she satisfied the requirements of section 7491(a)[2] to shift the burden of proof to respondent with regard to any factual issue.

### I. Dependency Exemption Deductions

Section 151(c) allows taxpayers an annual exemption deduction for each "dependent" as defined in section 152. A dependent is either a qualifying child or a qualifying relative. Sec. 152(a). The requirement is disjunctive, and, accordingly, satisfaction of either the qualifying child requirement or the qualifying relative requirement allows the individual to be claimed as a dependent. A qualifying child must meet the following four statutory requirements:

- Relationship.--The individual (dependent) is a child of the taxpayer, descendant of a child of the taxpayer, a brother, sister, stepbrother, or stepsister of the taxpayer, or a descendant of any such relative. Sec. 152(c)(1)(A), (2).

- Residence.--The individual has the same principal place of abode as the taxpayer for more than one-half of such taxable year. Sec. 152(c)(1)(B).

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

- Age.--The individual must not yet have attained the age of 19, or the individual is a student who has not yet attained the age of 24.  Sec. 152(c)(1)(C), (3)(A).

- Support.--The individual has not provided over one-half of such individual's own support.  Sec. 152(c)(1)(D).

Petitioner's nieces satisfy the first three statutory requirements.  ALG and YEG are descendants of petitioner's sister, and this satisfies the relationship test.  During 2005 ALG and YEG lived with petitioner for the entire year, and this satisfies the residence test.  In 2005 ALG and YEG were ages 7 and 11, and this satisfies the age test.  In order for ALG and YEG to each be a qualifying child, each must meet the support test in the statute.  We must now determine whether ALG provided over one-half of her own support and whether YEG provided over one-half of her own support.  See sec. 152(c)(1)(D).

A taxpayer must establish the total cost of monetary "support" expended on behalf of a claimed dependent from all sources for the relevant year.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  The term "support" includes items such as "food, shelter, clothing, medical and dental care, education, and the like."
Id.  To determine whether an individual provided more than half of the support for himself or herself, the amount of support provided by the individual is compared to the individual's total amount of support.  Sec. 1.152-1(a)(2)(ii), Income Tax Regs.

Petitioner credibly testified as to the amount of total support received by ALG and YEG and the sources of such support. Petitioner, her sister, public aid (in the form of food stamps), and Medicaid provided support for ALG and YEG in 2005. We find that neither ALG or YEG provided over half of the total amount of support that each received. Both ALG and YEG satisfy the support test and are qualifying children. Accordingly, we conclude that petitioner is entitled to dependency exemption deductions in 2005 for ALG and YEG.

II. Child Tax Credits

A taxpayer may claim a child tax credit for "each qualifying child". Sec. 24(a). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. Sec. 24(c)(1). We concluded supra that each of petitioner's nieces, ALG and YEG, is a qualifying child of petitioner for purposes of section 152(c). Accordingly, ALG and YEG are qualifying children for purposes of section 24(a). Therefore we conclude that in 2005 petitioner is entitled to a child tax credit for both ALG and YEG.

III. Earned Income Credit

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(c)(1)(A) defines an "eligible individual" as either "any individual who has a qualifying child for the taxable year"

or any individual who does not have a qualifying child and who meets the requirements of section 32(c)(1)(A)(ii).  Merriweather v. Commissioner, T.C. Memo. 2002-226.  A qualifying child is defined as an individual who satisfies the relationship test in section 152(c)(1)(A),(2), the residency test in section 152(c)(1)(B), and the age test in section 152(c)(1)(C),(3).  Sec. 32(c)(3).

We concluded supra that ALG and YEG are qualifying children for purposes of section 152(c) and each satisfied the relationship test, the residency test, and the age test contained in section 32(c)(1).  Accordingly, we conclude that petitioner is an eligible individual for purposes of section 32(a)(1) because petitioner has the qualifying children ALG and YEG.  Sec. 32(c)(1)(A)(i).  As a result, petitioner is entitled to claim an earned income credit in 2005.

IV.  Head of Household

In order to qualify for head of household filing status, petitioner must satisfy the requirements of section 2(b). Pursuant to section 2(b), and as relevant therein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as her home a household that constitutes for more than one-half of the taxable year the principal place of abode of a qualifying child of the individual as defined in section 152(c).  Sec. 2(b)(1)(A)(i).  An

individual is considered as maintaining a household if over half of the cost of maintaining the household during the taxable year is furnished by such individual.  Sec. 2(b)(1).

Petitioner is not married and maintains a household because petitioner furnishes over half of the cost of maintaining the household.  As we have determined, ALG and YEG are qualifying children of petitioner as defined in section 152(c). Accordingly, petitioner qualifies as a head of household for 2005.

To reflect the foregoing,

<u>Decision will be entered</u>
<u>for petitioner</u>.