T.C. Summary Opinion 2018-56

UNITED STATES TAX COURT

ABDEIA HASSAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14565-17S, 14566-17S.[1]       Filed December 6, 2018.

Abdeia Hassan, pro se.

<u>Monica E. Koch</u> and <u>Aaron M. Greenberg</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  These cases were heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

---

[1]These cases were consolidated for purposes of trial, briefing, and opinion.

petitions were filed.[2]  Pursuant to section 7463(b), the decisions to be entered are

not reviewable by any other court, and this opinion shall not be treated as

precedent for any other case.

Respondent issued separate notices of deficiency to petitioner determining

Federal income tax deficiencies and accuracy-related penalties as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2014 | $5,675 | $1,135 |
| 2015 | 6,370 | 1,274 |

Petitioner filed timely petitions for redetermination with the Court.  When the

petitions were filed, she resided in Maine.

Respondent concedes that petitioner is not liable for accuracy-related

penalties for the years in issue.

The issues remaining for decision for the taxable year 2014 are whether

petitioner (1) earned self-employment income of $14,070, (2) is eligible for head

of household filing status, (3) is entitled to dependency exemption deductions for

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years 2014 and 2015 (years in issue), and all Rule references are to the Tax Court Rules of Practice and Procedure.  Monetary amounts are rounded to the nearest dollar.

three children, (4) is entitled to child tax credits, and (5) is entitled to the earned income credit (EIC).

The issues remaining for decision for the taxable year 2015 are whether petitioner (1) earned self-employment income of $5,935, (2) earned wage income of $8,560, (3) is eligible for head of household filing status, (4) is entitled to dependency exemption deductions for three children, (5) is entitled to child tax credits, and (6) is entitled to the EIC.

## Background[3]

### I. Petitioner's Children

Petitioner and Mohamed Kaviro met in Texas around 2006. While it is unclear whether petitioner and Mr. Kaviro ever lived together in Texas, they eventually moved to Maine and lived together there for several years beginning in 2009. During the years in issue, however, petitioner and Mr. Kaviro lived in separate four-bedroom apartments in the same building.

Petitioner and Mr. Kaviro had six children: S.M.A. born in 2006, twins Ha. M.A. and Hu. M.A. born in 2008, U.M.A. born in 2009, M.M.A. born in 2011, and

---

[3]Some of the facts have been stipulated.

Y.A. born in 2013.[4]  Petitioner's three youngest children resided with her during the years in issue.  Although the monthly rent on petitioner's apartment was approximately $1,600 to $1,700 during the years in issue, she actually paid rent of approximately $300 per month, and the balance was subsidized under a Federal rental assistance program.  Petitioner's children received public assistance, including benefits from the Supplement Nutritional Assistance Program (SNAP) and Medicaid.

II.  Petitioner's Tax Returns

Petitioner and Mr. Kaviro filed Federal income tax returns for the taxable years 2008 and 2010-2013, claiming married filing joint status.  For the taxable year 2009 petitioner filed a separate return and claimed head of household filing status.

Petitioner filed Federal income tax returns for 2014 and 2015 reporting self-employment income of $14,070 and $5,935, respectively.  Petitioner earned wages of $440 in 2014 (paid by Maine People's Resource Center) and $8,560 in 2015 (paid by Wal-Mart).

---

[4]For privacy reasons, it is the Court's policy to refer to minors by their initials.  See Rule 27(a)(3).

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner does not contend that the burden of proof should shift to respondent in accordance with the provisions of section 7491(a)(1), and there is no justification on this record for doing so.

## I. Wages and Self-Employment Income

Although respondent determined that petitioner did not earn any income during the years in issue, the record shows that petitioner earned wages of $440 and $8,560 during the taxable years 2014 and 2015, respectively.

Respondent also determined that petitioner did not earn self-employment income of $14,070 and $5,935 as reported on her tax returns for 2014 and 2015, respectively. Respondent's determination that petitioner did not earn self-employment income is related to the EIC (discussed in greater detail below) which is computed as a percentage of the taxpayer's "earned income". Sec. 32(a)(1).

Petitioner offered no testimony or business records in an effort to substantiate the self-employment income, and, therefore, respondent's determinations as to those items are sustained.

II. Filing Status

Section 1(b) provides a special tax rate for an individual who qualifies for head of household filing status. Section 2(b)(1) generally defines a head of household as an individual taxpayer who: (1) is unmarried as of the close of the taxable year and is not a surviving spouse; and (2) maintains as her home a household that constitutes for more than one-half of the taxable year the principal place of abode, as a member of such household, of (a) a qualifying child of the individual (as defined in section 152(c), determined without regard to section 152(e)), or (b) any other person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. See Rowe v. Commissioner, 128 T.C. 13, 16-17 (2007).

Section 1.2-2(c)(1), Income Tax Regs., provides that a taxpayer is considered to have maintained a household if she and a qualifying child actually occupy the household for the entire taxable year. Section 1.2-2(d), Income Tax Regs., further provides that a taxpayer is considered to have maintained a household only if she pays more than one-half the costs thereof for the taxable

year.  The costs of maintaining a household are the expenses incurred for the mutual benefit of the occupants, including property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance, and food consumed on the premises.  Id.

Respondent determined that petitioner did not qualify for head of household filing status during the years in issue (and assigned her married filing separate status) on the alternative grounds that she had entered into a common law marriage with Mr. Kaviro and that she failed to show that she had paid more than one-half of the costs of maintaining a household that was the principal place of abode of a qualifying child.

A.  Common Law Marriage

State law determines the marital status of taxpayers for purposes of the Federal tax laws.  Von Tersch v. Commissioner, 47 T.C. 415, 419 (1967).  In general, whether a taxpayer is married for purposes of the Federal income tax is determined at the close of each tax year.  Sec. 7703(a)(1).

Although the State of Texas recognizes common law marriages, see Tex. Fam. Code Ann. sec. 2.401(a) (West 2006), there is no persuasive evidence in the record to support the proposition that the relationship between petitioner and Mr. Kaviro was a legal and valid common law marriage at anytime relevant to

these proceedings. In short, while petitioner and Mr. Kaviro once lived in Texas, there is no evidence that they agreed to be married or that they ever lived together there. Petitioner testified credibly that she was never married to Mr. Kaviro and that she did not understand the implications arising from filing joint Federal income tax returns with him.

Moreover, petitioner resided in Maine throughout the years in issue. Common law marriages are not recognized as valid under the laws of Maine. Pierce v. Sec'y of U.S. Dep't of Health, Educ. & Welfare, 254 A.2d 46 (Me. 1969). In any event she did not cohabit with Mr. Kaviro during the years in issue, nor is there any indication that she represented to others that she was married to him. On this record, we conclude that petitioner was not married during the years in issue.

B. Household Support

As discussed in detail below, we conclude that petitioner's three youngest children were her qualifying children within the meaning of section 152(c) during the years in issue. We nevertheless agree with respondent that petitioner failed to establish that she provided over one-half of the cost of maintaining the apartment in which she and the children resided. See sec. 1.2-2(d), Income Tax Regs. As an initial matter, petitioner failed to establish the total cost of maintaining the

apartment. The record reflects that petitioner's rent was heavily subsidized, and there is no evidence of her actual contribution to other household expenses such as utilities and food consumed on the premises. See, e.g., Huynh v. Commissioner, T.C. Memo. 2002-237. Consequently, respondent's determination that petitioner is not eligible for head of household filing status is sustained.

III. Dependency Exemption Deductions

Section 151(c) provides that a taxpayer generally is allowed a deduction for the applicable exemption amount for each individual who is a dependent. Section 152(a) defines the term "dependent" in relevant part to include a "qualifying child".

Section 152(c) generally defines a "qualifying child" as an individual who (1) bears a specified relationship to the taxpayer (e.g., a child of the taxpayer), (2) has the same principal place of abode as the taxpayer for more than one-half of such taxable year, (3) meets certain age requirements (e.g., has not attained the age of 19), (4) has not provided over one-half of such individual's own support for the taxable year at issue, and (5) has not filed a joint return for that year. Sec. 152(c)(1).

As previously mentioned, petitioner maintains that she is entitled to dependency exemption deductions for her three youngest children. There is no

dispute that the children satisfied the relationship and age requirements of section 152(c)(1)(A) and (C). Likewise, none of the children filed a joint tax return during the years in issue. See sec. 152(c)(1)(E). Petitioner testified, and apartment rental records and medical records indicate, that the children lived with her throughout the taxable years in issue. See sec. 152(c)(1)(B).

The question that remains is whether any of the children provided over one-half of his or her own support within the meaning of section 152(c)(1)(D). In addressing this issue, a taxpayer must establish the total cost of monetary "support" expended on behalf of a claimed dependent from all sources for the relevant year. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The term "support" includes items such as "food, shelter, clothing, medical and dental care, education, and the like." Id. To determine whether an individual provided more than half of the support for himself or herself, the amount of support provided by the individual is compared to the individual's total amount of support. Id. subdiv. (ii).

Petitioner did not testify or provide other evidence that would establish the total amount of support expended on behalf of any of the children in question. She did state, however, that the children received various forms of public assistance including SNAP payments and healthcare services through Medicaid. As previously mentioned, petitioner's rent was heavily subsidized. Considering

all the facts and circumstances, the Court finds that the children in question did not provide over one-half of the total amount of support that each received during the years in issue. See, e.g., Pavia v. Commissioner, T.C. Memo. 2008-270. Accordingly, petitioner is entitled under section 151 to the claimed dependency exemption deductions for the three children for the years in issue.

IV. Child Tax Credit

Section 24(a) and (c)(1) provides that a taxpayer is entitled to a child tax credit with respect to "each qualifying child", as defined in section 152(c), who has not attained age 17 and for whom the taxpayer is allowed a deduction under section 151. Section 24(d) provides that a portion of the child tax credit (commonly referred to as the additional child tax credit) may be refundable.

As discussed above, the children in question were petitioner's "qualifying children" for purposes of section 152(c) and satisfy the age limitation under section 24. Therefore, petitioner ostensibly qualifies for child tax credits for the years in issue.[5]

---

[5]In the light of the modest amount of income that petitioner earned in 2014, it is unclear whether she will receive any child tax credit for that year. Nevertheless, the parties will address that issue in preparing computations under Rule 155.

## V. Earned Income Credit

Section 32(a)(1) allows an eligible individual an EIC against income tax in an amount equal to the credit percentage of so much of the individual's earned income for the taxable year as does not exceed the earned income amount. The term "earned income" is defined in section 32(c)(2)(A) and includes wages and net earnings from self-employment. For taxable years beginning after 2008 and before 2018, the credit percentage in the case of a taxpayer with three or more qualifying children is 45%. Sec. 32(b)(3)(A). A taxpayer claiming the EIC must establish that she had earned income and the amount of that income. See, e.g., Blore v. Commissioner, T.C. Memo. 2000-326.

Section 32(c)(1)(A)(i) defines an "eligible individual" in relevant part as an individual who has a qualifying child for the taxable year. The term "qualifying child" is defined in section 32(c)(3)(A) to mean a qualifying child of the taxpayer (as defined in section 152(c), determined without regard to paragraph (1)(D) thereof and section 152(e)).

On this record, we conclude that petitioner is an eligible individual within the meaning of section 32(c)(1)(A)(i). In particular, petitioner's three children are qualifying children under section 152(c) and her wages (as opposed to the incorrectly reported self-employment income) constitute earned income.

Accordingly, petitioner is entitled to EICs for the years in issue based on the wages she earned.

To reflect the foregoing,

Decisions will be entered

under Rule 155.